IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ACADEMY OF ALLERGY & ASTHMA IN PRIMARY CARE; and UNITED BIOLOGICS, LLC d/b/a United Allergy Services, <br><br> Plaintiffs, <br><br> V. <br><br> SUPERIOR HEALTHPLAN, INC.; and CENTENE CORP., <br><br> Defendants. | CIVIL ACTION NO. SA-17-CA-1122-FB |

**ORDER ON MOTIONS ADDRESSED AT FINAL PRETRIAL CONFERENCE**

In anticipation of the jury trial scheduled to begin on June 5, 2023, and pursuant to rulings made during the final pretrial conference held on May 19, 2023,

IT IS ORDERED that the parties' Joint Motion Regarding Items to be Excluded or on Which Prior Ruling of Admissibility Must be Sought (docket no. 501) is GRANTED such that the items set forth in Exhibit A (attached to the motion at docket no. 501-1) are EXCLUDED from the trial of this case.

IT IS FURTHER ORDERED that Defendants' Motion in Limine #1: To Exclude Evidence or Argument Regarding the Effect of a Damages Award (docket no. 510) is GRANTED to the extent that Plaintiffs are precluded from making a sympathy argument to the jury that primary care physicians and patients will suffer financial hardship if damages are not awarded in this case. Plaintiffs are not precluded from arguing that increased prices and reduced outputs resulted in an antitrust injury. The remainder of the motion is DISMISSED as MOOT in light of the parties' agreement that they will not discuss what UAS would do with any damages award.

IT IS FURTHER ORDERED that Defendants' Motion in Limine #2: To Exclude Evidence or Argument Regarding the Denial of Claims Other than Those Submitted for Allergy Testing and Immunotherapy (docket no. 511) is DENIED to the extent it has to do with antitrust concepts.

IT IS FURTHER ORDERED that Defendants' Motion in Limine #3: To Exclude Evidence or Argument Regarding the Financial Condition of Centene or any of its Affiliates (docket no. 512) is GRANTED to the extent that Defendants are concerned about sympathy and prejudice (a "David vs. Goliath" scenario), but DENIED to the extent that Plaintiffs seek to argue that Defendants' market power is tied to size and wealth.

IT IS FURTHER ORDERED that Plaintiffs' Motion in Limine (docket no. 513) is GRANTED without Prejudice to counsel approaching the bench at trial, if necessary.

IT IS FINALLY ORDERED that Plaintiffs' Motion to Exclude Testimony of Undisclosed Witnesses Identified on Defendants' Trial Witness List (docket no. 514) is GRANTED to the extent that Defendants have agreed not to call James Guy and Mark Sanders (docket no. 520), but DENIED to the extent Plaintiffs seek to exclude the testimony of Jason McBride. A ruling on the motion as it pertains to the testimony of Cyndi Porter and Diana Riojas is RESERVED for ruling at the appropriate time at trail, if necessary.

It is so ORDERED.

SIGNED this 22nd day of May, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE